**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

MARQUIS DIGGS,

Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,

Defendant.

Case No. 5:26-cv-02473-G

**DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT**

Defendant, Equifax Information Services, LLC ("Equifax"), by and through its undersigned counsel, hereby files its Motion to Dismiss Plaintiff's Complaint (the "Motion") pursuant to Federal Rule of Civil Procedure 12(b)(1), and states as follows:

## INTRODUCTION

Plaintiff's Complaint purports to state a claim against Equifax for violation of the Fair Credit Reporting Act ("FCRA"), specifically, 15 U.S.C. § 1681g(a)(1), which provides that, upon request, a consumer reporting agency must "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1).[1]

---

[1] Plaintiff's Complaint is one of at least 15 substantially identical lawsuits filed by the same attorney that are currently pending in this Court. *Arnold v. Equifax Information Services, LLC*, No. 5:26-cv-02475-JD (W.D. Okla. Sept. 14, 2026); *Bryant Jr. v. Equifax Information Services, LLC*, No. 5:26-cv-02615-PRW (W.D. Okla. Sept. 22, 2026); *Chapman v. v. Equifax Information Services, LLC*, No. 5:26-cv-02474-PRW (W.D. Okla. Sept. 14, 2026); *Cheatham v. Equifax Information Services, LLC*, No. 5:26-cv-02483-SLP (W.D. Okla. Sept. 14, 2026); *Cooper v. Equifax Information Services, LLC*, No. 5:26-cv-

While Plaintiff admits that Equifax provided a copy of the disclosure as requested, Plaintiff contends the disclosure "omitted critical information contained within [Plaintiff's] credit file." Compl. ¶ 13. Plaintiff claims that "[t]he omitted data included inaccurate information, re-aged data, payment history, incomplete account details and failed to furnish[] the source(s) of the personal information of Plaintiff" for a number of accounts. Compl. ¶ 14. Plaintiff further claims that, as a result of Equifax's alleged omissions, Plaintiff was prevented "from understanding, verifying, and evaluating the accuracy of the information contained in [Plaintiff's] file." Compl. ¶ 59. Plaintiff further claims that "Plaintiff expended significant time attempting to interpret and understand a materially incomplete and misleading disclosure, that Plaintiff "was required to review the disclosure multiple times and attempt to match the incomplete information with plaintiff's personal records without success," and that "[t]his resulted in additional confusion and frustration and further exacerbated Plaintiff's emotional distress[.]" Compl. ¶¶ 79, 81, 82. Based on these allegations, Plaintiff seeks actual, statutory and punitive damages. *See* Compl. ¶¶ 101-02.

---

02547-JD (W.D. Okla. Sept. 18, 2026); *Diggs v. v. Equifax Information Services, LLC,* No. 5:26-cv-02473-G (W.D. Okla. Sept. 13, 2026); *English v. v. Equifax Information Services, LLC,* No. 5:26-cv-02512-SLP (W.D. Okla. Sept. 14, 2026); *Jackson v. v. Equifax Information Services, LLC,* No. 5:26-cv-02472-G (W.D. Okla. Sept. 13, 2026); *Maxwell v. v. Equifax Information Services, LLC,* No. 5:26-cv-02511-PRW (W.D. Okla. Sept. 14, 2026); *Muonelo v. Equifax Information Services, LLC,* No. 5:26-cv-02162-J (W.D. Okla. Sept. 23, 2026); *Rivers v. v. Equifax Information Services, LLC,* No. 5:26-cv-02478-HE (W.D. Okla. Sept. 14, 2026); *Shephard v. Equifax Information Services, LLC,* No. 5:26-cv-02614-JD (W.D. Okla. Sept. 23, 2026); *Simmons v. v. Equifax Information Services, LLC,* No. 5:26-cv-02516-D (W.D. Okla. Sept. 15, 2026); *Stancoe v. v. Equifax Information Services, LLC,* No. 5:26-cv-02481-PRW (W.D. Okla. Sept. 14, 2026); *Williams v. v. Equifax Information Services, LLC,* No. 5:26-cv-02532-G (W.D. Okla. Sept. 17, 2026).

The Complaint's conclusory allegations of purported harm are not sufficient to plead an actual, concrete injury traceable to the alleged FCRA violation, as required to establish standing. It is well established that the existence of an alleged statutory violation, in and of itself, does not confer standing. To establish standing, a plaintiff must demonstrate that the statutory violation caused concrete harm. Plaintiff has failed to meet this threshold requirement, and the Complaint should be dismissed.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Article III of the U.S. Constitution limits the judicial power of the federal courts to actual "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. To invoke this power, a plaintiff "must demonstrate standing for each claim that they press." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

A motion to dismiss for lack of standing may be brought under Federal Rule of Civil Procedure 12(b)(1). "To have standing, a plaintiff must show that [he] '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1190 (10th Cir. 2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to resolve the

matter. *Id.* The plaintiff "bear[s] the burden of pleading and proving concrete facts showing that the defendant's actual action has caused the substantial risk of harm." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013).

## ARGUMENT

Under Article III of the Constitution, the judicial power of the United States extends only to "Cases" and "Controversies." U.S. Const. art. III, §§ 1–2. To prevent "federal courts [from] exceed[ing] their authority," the law of Article III standing "confines the federal courts to a properly judicial role" by "limit[ing] the category of litigants empowered to maintain a lawsuit in federal court." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). This "irreducible constitutional minimum" requires a showing that a plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable decision." *Id.* at 338.

Here, Plaintiff fails to plead a concrete injury in fact: "The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *TransUnion v. Ramirez*, 594 U.S. 413, 434 (2021). As this Court has previously recognized, this logic holds for "missing information" as well. *See Dotson v. Nat'l Consumer Telecommunications & Util. Exch., Inc.*, 2026 WL 575337, at *3 (W.D. Okla. Mar. 2, 2026) (stating that blank fields do not necessarily indicate a 1681g violation). Therefore, it is insufficient for standing purposes that Plaintiff merely viewed the allegedly inaccurate or missing information when he obtained his consumer disclosure.

Here, Plaintiff makes no allegations of any third-party publication anywhere in his Complaint, much less that Equifax disclosed inaccurate information to a third-party. Absent such allegations, Plaintiff fails to plead a concrete injury and lacks standing. *Patterson v. Wells Fargo & Co.*, 2024 WL 5339476, at *4 (N.D. Cal. Nov. 8, 2024) ("The presence of an inaccuracy in the credit reports . . . does not establish a concrete harm unless the credit reports were disseminated to third parties."); *see also Wagner v. TRW, Inc.*, 139 F.3d 898 (5th Cir. 1998) (granting the defendant's motion for summary judgment, concluding that "[n]o case has extended FCRA damages to include pain and suffering damages based on information that a credit reporting agency never provided to any third party"). In addition, Plaintiff does not allege any denial of credit or change to existing credit terms like one might expect in an FCRA case. Rather, Plaintiff's economic damages are limited to generic allegations that Plaintiff suffered confusion, lost time, and emotional distress. Compl. ¶¶ 79, 81, 82.

Plaintiff's generic allegations of emotional distress are similarly insufficient to plead an injury-in-fact. *See Nelson*, 144 F.4th at 1356 (finding no concrete harm where the plaintiff had not been denied access to credit, her credit score had not dropped, and her allegedly incorrect information had not been sent to third parties). Indeed, a growing number of federal courts—including this very Court—have dismissed similar claims brought under § 1681g for lack of standing, concluding that allegations of generalized emotional distress, confusion, and statutory violations are insufficient. *See Phillips v. Equifax Information Services, LLC*, No. 5:25-cv-01082-JD, ECF No. 27, at 6 (W.D. Okla. Sept. 24, 2026) ("Nor does Mr. Phillips allege that Equifax furnished inaccurate



300168378.v1

information to any third party, that he was denied credit, that the terms of any existing credit account were changed, that he was charged a higher interest rate, or that he otherwise suffered any adverse credit consequences. . . . . Mr. Phillips's generalized assertions of frustration and emotional distress in trying to understand his credit report are insufficient to establish a concrete injury under Article III."). *Hooker v. Equifax Info. Servs. LLC*, No. 0:26-cv-60992-PAB, ECF No. 17, at 3 (S.D. Fla. Aug. 27, 2026) ("The allegation that she suffered 'great frustration and emotional distress' is too conclusory to plausibly plead an actual, concrete, and particularized injury."); *Williams El v. Equifax Info. Servs. LLC*, No. 8:25-cv-01930-JRR, ECF No. 24, at 13 (D. Md. Aug. 26, 2026) ("Even assuming without deciding that Plaintiff has plausibly alleged she was denied information in violation of § 1681g(a)(1), she has failed to allege facts 'that the denial of that information creates a "real" harm with an adverse effect.'") (citation omitted); *Francois v. TransUnion, LLC*, No. 0:26-cv-61385, ECF No. 12, at 3-4 (S.D. Fla. July 31, 2026) ("His only claim is that Defendant did not produce a complete credit report to himself, in violation of 15 U.S.C. § 1681g(a)(1). . . . Plaintiff has not suffered an injury in fact and does not have standing."); *Roberts v. Trans Union LLC et al.*, No. 5:25-cv-00887-JD, ECF No. 52, at 11-12 (W.D. Okla. July 20, 2026) (concluding that plaintiff's "generalized assertions of confusion and emotional distress . . . are insufficient to establish a concrete injury" where plaintiff did not allege that "Defendants furnished inaccurate information to any third party, that he was denied credit, that the terms of any existing credit account were changed, [or] that he was charged a higher interest rate"); *Harding v. Experian Info. Sols., Inc.*, No. 8:26-cv-2009-KKM-CPT, 2026 WL 2146992,

at *2 (M.D. Fla. July 27, 2026) ("Harding references her 'statutory dispute rights,' [but] she does not allege that there is anything to dispute in the first place. Harding does not allege that any items in her credit file are substantively inaccurate, that Experian disclosed inaccurate information to third parties, or that she suffered loss of credit opportunities.")

## **CONCLUSION**

For all the foregoing reasons, Equifax respectfully requests that the Court dismiss the Complaint.

Dated: October 7, 2026

Respectfully submitted,

By: */s/ Forrest M. "Teo" Seger III*

**FORREST M. "TEO" SEGER III**
Texas Bar No. 24070587
OK Western District Bar No. 25-266
TSeger@clarkhill.com
CLARK HILL PLC
2301 Broadway St.
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 (Fax)

**ATTORNEY FOR DEFENDANT, EQUIFAX INFORMATION SERVICES LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, a true and correct copy of the foregoing *Defendant Equifax Information Services, LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support* was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Forrest M. "Teo" Seger III*
Forrest M. "Teo" Seger III